UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| MICHAEL L. GENGLER, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | Civil No. 2:10-cv-00689-JPS |
| v. | ) ) | |
| INTERNAL REVENUE SERVICE and DEBRA K. HURST, | ) ) ) | |
| Defendants. | ) ) | |

## UNITED STATES' OPPOSITION TO MOTION FOR REMAND TO STATE COURT

The United States, the real party in interest, on behalf of the named defendants, the Internal Revenue Service and Debra K. Hurst, opposes the plaintiff's motion for remand to State Court on the grounds because removal is proper.[1] The plaintiff is appearing *pro se*. In opposing this motion, the United States does not waive the defects in process and service of process of a summons and complaint as set forth in previous filings.[2] *See* Docket No. 1, Notice of Removal, ¶ 5; Dkt. No. 2, Motion for Extension of Time to Answer or Respond to Complaint, p. 2, ¶ 1.

---

[1] The Internal Revenue Service may not be sued *eo nominee*, *Deleeuw v. IRS, et al.*, 681 F.Supp. 402, 404 (E.D. Mich. 1987). In addition, the relief plaintiff seeks, removal of the federal tax liens, is actually relief sought against the United States. Indeed, Debra Hurst is named a "co-defendant" in her official capacity (presumably because her name appears in the signature block of the notices of federal tax lien attached to the complaint). Plaintiff refers to her as the IRS's agent and employee. In short, the United States is the proper party to this case and should be substituted for the named defendants. See *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985) ("a suit against IRS employees in their official capacity is essentially a suit against the United States.") (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688(1949)).

[2] The United States disagrees with plaintiff's contention (at page 1, § I of the motion for remand), that the named defendants, the IRS and Debra Hurst, a Federal employee, were served on or about August 2, 2010.

On August 13, 2010, the United States removed this action under 28 U.S.C. § 1444, which permits the United States to remove any action brought under 28 U.S.C. § 2410, against it in State Court to the local United States District Court. The additional bases cited by the United States for removing the case to this court include 28 U.S.C. §§ 1441 and 1442(a)(1).

In this action, plaintiff seeks a temporary restraining order, a preliminary injunction, and money damages of $321,279 contending that notices of federal tax lien filed against his property in Waukesha County are "forged" and without legal foundation. He asks that the IRS be enjoined from maintaining the liens filed against his property.[3] The notices of federal tax lien attached to the complaint, reflect federal tax liabilities assessed against the plaintiff for unpaid income taxes for 2003, 2004, and 2005, and penalties assessed under 26 U.S.C. § 6702 for filing frivolous income tax returns. Plaintiff fails to cite any jurisdictional basis for his suit. The United States has not yet answered or otherwise responded to the complaint.

The plaintiff filed a motion to remand the case to State Court, claiming in essence, that the case was improperly removed because "[t]he Complaint . . . asserts no federal claims." Dkt. No. 4, p. 4, ¶ III. A. *A fortiori,* he argues, the federal court does not have federal subject matter jurisdiction because the "federal question" is not apparent on the face of the complaint.[4] But the

---

[3]The type of relief plaintiff seeks is barred by the Anti-Injunction Act which states in relevant part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).

[4]Most of plaintiff's motion is spent arguing that federal jurisdiction cannot be based on the answer or counterclaim but must appear in the complaint and since he admittedly took great care to attempt to avoid any federal questions in the complaint, the District Court must lack jurisdiction. But the United States has not answered or otherwise responded to the complaint. It appears that plaintiff mistakenly believes that the sections cited by the United States in removing the case are the basis for the District Court's jurisdiction. This belief is mistaken; the right to

2

plaintiff is mistaken for indeed the entire complaint is based on purportedly false federal tax liens filed against his property causing him "great and irreparable injury." This is precisely the kind of relief 28 U.S.C. § 2410 (a)(1), is designed to resolve.

Under 28 U.S.C. § 2410(a), the United States may be named a party in any civil action or suit in any District Court, or in any State Court having jurisdiction of the subject matter, to "quiet title to," . . . , real . . . property on which the United States has or claims a mortgage or other lien."[5] Here, there are three notices of federal tax lien filed against the plaintiff's property and attached to the complaint. (See Dkt. No. 1, Complaint.) It is obvious that the United States has or claims a lien on the plaintiff's property and the relief plaintiff seeks, an injunction to force the IRS to quit maintaining them, is an action to quiet title under § 2410. *See generally*, *Macklin v. United States*, 300 F.3d 814 (7th Cir. 2002).

---

remove a case does not bestow jurisdiction. The statutes cited by the United States in removing the case simply provide a procedure for removal, 28 U.S.C. § 1444, and the reason for the removal, 28 U.S.C. § 2410. Neither of these statutes provides the District Court with jurisdiction. Indeed, it is not incumbent on defendants to provide a jurisdictional basis for the complaint; that burden rests on the plaintiff.

> [5] Section 2410(a) provides as follows:
> Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter--
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon,
> (3) to partition,
> (4) to condemn, or
> (5) of interpleader or in the nature of interpleader with respect to,
> real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 1444, states that "[a]ny action brought under section 2410 of this title against the United States in any State Court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." Because the United States filed notices of federal tax lien against plaintiff's property, plaintiff is arguably entitled to bring suit in *either* state or federal court in order to resolve the IRS's claims against his property.

Although plaintiff claims that he is not seeking to quiet title, this contention is specious for despite the absence of the words "quiet title," plaintiff is clearly aggrieved by the notices of federal tax lien and wants them removed. Seeking to enjoin the IRS from maintaining the federal tax liens is tantamount to seeking their removal. The type of relief that plaintiff seeks is the type of relief afforded in § 2410 actions. *See* 28 U.S.C. § 2410(a) and (b); *Macklin v. United States*, 300 F.3d 814 (7th Cir. 2002).

Additionally, removal of this case was proper under 28 U.S.C. § 1442(a)(1), which allows the United States to remove a civil action commenced in a State Court against the United States or any agency thereof or any officer of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue. Ms. Hurst is named as a defendant because of her official capacity (presumably for authorizing or approving the notices of federal tax lien). Accordingly, under § 1442(a)(1), the United States and/or Ms. Hurst (should the Court reject the United States' request that it be substituted for Ms. Hurst), have the right to remove this case to District Court.

4

Because this action was properly removed to this Court under the provisions of 28 U.S.C. §§ 1444 and 2410, or alternatively, 28 U.S.C. § 1442(a)(1), plaintiff's motion for remand to State Court should be denied.

> Respectfully submitted,
>
> JAMES L. SANTELLE
> United States Attorney
>
>   s/ Mary E. Bielefeld
> MARY E. BIELEFELD, DC #384603
> Senior Trial Attorney, Tax Division
> U.S. Department of Justice
> P.O. Box 7238, Ben Franklin Station
> Washington, D.C. 20044
> Tel: (202) 514-9375; Fax: (202) 514-6770
> E-mail: mary.e.bielefeld@usdoj.gov
>        Central.taxcivil@usdoj.gov

Dated: September 16, 2010