# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MICHAEL L. GENGLER,

        Plaintiff,

v.                                                         Case No. 10-CV-689

INTERNAL REVENUE SERVICE and
DEBRA K. HURST,

        Defendants.

_____

# ORDER

On July 22, 2010, plaintiff Michael Gengler ("Gengler") filed a complaint in the Waukesha County Circuit Court seeking a temporary restraining order, a preliminary injunction, and money damages for the sum of amounts shown on three notices of federal tax lien filed against his property. Gengler claims the notices were forged and without legal foundation. The notices apparently reflect the unpaid balance of federal income tax liabilities assessed against Gengler for 2003, 2004 and 2005, as well as the unpaid civil penalties assessed him under 26 U.S.C. § 6702 for filing frivolous tax returns for 2001, 2003, 2004, and 2005. (United States' Mem. in Supp. of Mot. to Dismiss 1).

On August 13, 2010, on behalf of the named defendants, the United States removed the action under 28 U.S.C. § 1444, which permits the United States to remove any action brought against it in state court or federal district court under 28 U.S.C. § 2410. The United States also cited 28 U.S.C. § 1442(a)(1) as a basis for removal. Gengler then filed a motion to remand the case to state court. (Docket #4).

He argues that the case was improperly removed because the complaint presents only state law claims and no federal law claims, and, therefore, this court has no jurisdiction. The United States has subsequently filed a motion to dismiss plaintiff's claims. (Docket #8).

## DISCUSSION

**I.     Proper Party Defendant**

As an initial matter, the court notes that the Internal Revenue Service ("IRS") and Debra Hurst, the defendants named by the plaintiff in his complaint, are not proper parties. First, an executive department of the United States or one of its agencies may only be sued in its own name if the authority to be sued has been expressly conferred by Congress. *Blackmar v. Guerre,* 342 U.S. 512, 514-15, 72 S.Ct. 410, 411-12, 96 L.Ed. 534 (1952). "[C]ongress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued *eo nominee.*" *Castleberry v. Alcohol, Tobacco and Firearms Division of the Treasury Department of the United States, et al.*, 530 F.2d 672, 673 n. 3 (5th Cir. 1976); *see Deleeuq v. IRS, et al.*, 681 F. Supp. 402, 404 (E.D. Mich. 1987). Where taxpayers are authorized to sue on matters arising out of IRS actions, the United States is the proper party. *Devries v. Internal Revenue Service,* 359 F.Supp.2d 988, 991-92 (E.D.Ca. 2005).

Plaintiff also improperly named Debra Hurst as a defendant. Plaintiff likely did so because her name appears in the signature block of the notices of federal tax lien. Yet, "a suit against IRS employees in their official capacities is essentially a suit

against the United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949)). The instant action arises out of a dispute as to the validity of the federal tax liens on plaintiff's property and relates to actions allegedly taken by the IRS and its employees. Therefore, this action may be maintained, if at all, against the United States only. Neither the IRS nor Debra Hurst are proper defendants. Consequently, the court shall proceed as if the complaint named the United States as a proper defendant.

## II.     Removal and Remand

The plaintiff now moves for remand of the case to state court. He appears to argue that removal was not proper because the court does not have federal subject matter jurisdiction. His main contention is that his pleading simply alleges a state law claim and, thus, the "well-pleaded complaint" rule, under which "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law," *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841 (1983) (emphasis deleted), allows him to avoid removal merely by relying exclusively on the state law claim. (Mot. to Remand 4).

However, the plaintiff's arguments are unavailing because he has overlooked the specific removal statutes the defendant relied upon as its basis for removal. The defendant's notice of removal cited two applicable statutory provisions as the basis for removal – 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1444. Federal statute 28

U.S.C. § 1442(a)(1) allows removal of cases in which the United States is a defendant and is being sued for any act "under color of such office."[1] This statute allows suits against the federal government to be removed "'despite the non-federal cast of the complaint'" and reflects a congressional policy that the federal government requires the protection of a federal forum. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n. 12, 126 S.Ct. 2145, 2156 (2006) (quoting *Jefferson County v. Acker*, 527 U.S. 423, 431, 119 S.Ct. 2069 (1999)). The government's federal defense "need only be colorable to assure the federal court that it has jurisdiction to adjudicate the case." *Id.* Thus, § 1442(a) is an exception to the "well-pleaded complaint" rule. The government's principal defense is that the tax liens are valid and Gengler has failed to state a claim for relief. The court finds this to be a colorable defense and, therefore, this court has jurisdiction to adjudicate this case and removal is proper.

Removal is also likely proper under 28 U.S.C. § 1444 which expressly allows for removal of cases brought under the quiet-title act, or 28 U.S.C. § 2410. Though the plaintiff argues otherwise, the United States contends that the relief Gengler

---

[1]Section 1442 provides:

(a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue.

seeks is consistent, if not identical, to an action under 28 U.S.C. § 2410(a). Under 28 U.S.C. § 2410(a), the United States may be named a party in any civil action or suit in any District Court, or in any State Court having jurisdiction of the subject matter, to "quiet title to, . . . real . . . property on which the United States has or claims a mortgage or other lien."[2]

In analyzing plaintiff's pleadings, it appears that the relief he seeks and the nature of his complaint could be characterized as an action under § 2410. For instance, at issue in this case are three notices of federal tax lien filed against plaintiff's property. (Compl. 8-10)(Docket #1-2). Thus, the United States has or claims a lien on plaintiff's property. Gengler's action appears to challenge the validity of the federal tax lien – based on an allegedly forged signature on the notices – and requests that the IRS be enjoined from maintaining the lien on his property. This fits squarely within the definition of a quiet-title action. For instance, an action to quiet title is defined as "[a] proceeding to establish a plaintiff's title to land by compelling the adverse claimant to establish a claim or be forever estopped from asserting it." Black's Law Dictionary (9th ed. 2009). Plaintiff's request for injunctive

---

[2]Section 2410(a) provides as follows:

Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any state court having jurisdiction of the subject matter–
(1) to quiet title to,
(2) to foreclose a mortgage or other lien upon,
(3) to partition,
(4) to condemn, or
(5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.

relief is also telling, as that is the relief typically sought in a quiet title action. Plaintiff counters that his cause of action simply states a state law forgery claim. Leaving aside the issue of whether such an action exists under Wisconsin law, plaintiff's characterization of his claims as such does nothing to change the substance of his underlying allegation – namely, that the forgery of a signature on the notices of federal tax lien renders the lien invalid.[3] *Cf. Macklin v. United States*, 300 F.3d 814 (7th Cir. 2002) (plaintiff alleging that "numerous defects in the lien and lien filing procedures" rendered the tax lien on his property invalid brought an action under 28 U.S.C. § 2410 to quiet title to his real property).

On the other hand, it is conceivable that plaintiff's complaint is really a challenge to his tax liability and the tax assessment that motivated the lien, rather than a challenge merely to the means for enforcing that liability. Indeed, Gengler's complaint requests money damages for the sum of amounts shown on the three notices of federal tax lien filed against his property. According to the defendant, these liens reflect the unpaid balance of federal income tax liabilities assessed against Gengler for 2003, 2004 and 2005, as well as the unpaid civil penalties assessed him under 26 U.S.C. § 6702 for filing frivolous tax returns for 2001, 2003, 2004, and 2005. Thus, it is quite possible that Gengler's action is simply an action challenging his tax liability in disguise. If construed in this way, Gengler's action would fall outside the scope of the quiet-title act. However, removal of the cause of

---

[3] "Forgery" is defined in Black's Law Dictionary (9th ed. 2009) as "the act of fraudulently making a false document or altering a real one to be used as if genuine."

action by the United States would be proper pursuant to 28 U.S.C. § 1442(a)(1) because the United States is still a defendant. Accordingly, no matter how plaintiff's complaint is construed, removal by the federal government was proper and, therefore, the court will deny plaintiff's motion to remand to state court.

### III.   Motion to Dismiss

The United States has moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted. The court has found that Gengler's complaint effectively seeks to void a federal tax lien and, therefore, may be construed as a quiet-title action under 28 U.S.C. § 2410. It is well settled that the United States is a sovereign and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. *United States v. Shaw*, 309 U.S. 495, 500-01, 60 S.Ct. 659, 661 (1940). Where a suit has not been expressly consented to by the United States, it must be dismissed. *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). Even though 28 U.S.C. § 2410 constitutes a waiver of sovereign immunity for purposes of a quiet-title action naming the United States as a party, the waiver is subject to the terms of 28 U.S.C. § 2410(b). In order to invoke the waiver of sovereign immunity in 28 U.S.C. § 2410, the plaintiff must first satisfy the pleading requirements of § 2410(b) by including the name and address of the taxpayer whose liability created the lien and, if a notice of tax lien was filed, the identity of the internal revenue office which filed the notice. Further, the plaintiff must plead with specificity the property allegedly damaged by the Notices of which he complains. 28 U.S.C. § 2410(b). The present

complaint does not supply these items and, by failing to provide them, the plaintiff has not properly shown that the sovereign's immunity has been waived. Accordingly, the complaint should be dismissed. *See Dahn v. United States*, 127 F.3d 1249, 1251 (10th Cir. 1997) (holding that a complaint that does not comply with the mandatory pleading requirements of § 2410(b) "does not invoke the statutory waiver of sovereign immunity and, consequently, cannot state a claim upon which relief could be granted").[4]

Alternatively, Gengler's complaint should be dismissed for its failure to state a claim. Federal Rule of Civil Procedure 12(b)(6) permits a defendant to make a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a 12(b)(6) motion to dismiss, the plaintiff's complaint must only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[4]The court recognizes the issues that arise by its recharacterization of plaintiff's complaint as an action under § 2410 and subsequent finding that plaintiff's failure to strictly comply with the pleading requirements of that same statute is grounds for dismissal of the complaint. However, as the court will discuss, no matter how Gengler's complaint is construed, grounds for dismissal abound. Therefore, the court does not find it improper to base its dismissal, at least in part, on Gengler's failure to comply with the pleading requirements of § 2410.

defendant is liable for the misconduct alleged."[5] *Iqbal,* 129 S. Ct. at 1949. When the plaintiff's allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not satisfy the minimal pleading burden of Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 1950.

Gengler's complaint does not meet this minimal pleading burden. His complaint alleges that the signature of R.A. Mitchell on his notices of federal tax lien has been forged. Gengler sheds more light on this allegation in his objection to the motion to dismiss. (Docket #11). According to his objection, Gengler appears to claim that the facsimile signatures of R.A. Mitchell are not permitted on notices of federal tax lien. (Objection 10). Yet, this allegation is incorrect.

First the court notes that, contrary to plaintiff's arguments, federal law – specifically provisions of the federal Internal Revenue Code and accompanying regulations – dictates the form and content of a federal tax lien. *See United States v. Union Cent. Life Ins. Co.,* 368 U.S. 291, 294-95, 82 S.Ct. 349 (1961); *Griswold v. United States,* 59 F.3d 1571, 1578 n. 15 (11th Cir. 1995); *TKB Int'l, Inc. v. United States*, 995 F.2d 1460, 1464 (9th Cir. 1993). Federal statute 26 U.S.C. § 6323

---

[5] The court is also guided by the Seventh Circuit recent synthesis of the Supreme Court's case law on Fed. R. Civ. P. 12(b)(6):

> So, what do we take away from *Twombly, Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

states that notices of federal tax lien shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien. The United States Supreme Court has held that a State may not prescribe the form or content of a notice of a federal lien. *United States v. Union Central Life Insurance Co.*, 368 U.S. 291, 294-296, 82 S.Ct. 349 (1961). Therefore, it is irrelevant whether the notices of lien in this case conform to Wisconsin law.

Pursuant to § 6323(f)(3), the Secretary of the Treasury has promulgated 26 C.F.R. § 301.6323(f)-1(d), which provides that the notice of a federal tax lien shall be filed on Form 668. Section 5.12.2.6 of the Internal Revenue Manual provides that a notice of federal tax lien does not require a signature, however, documents generated by the Automated Lien System application have facsimile signatures. The notices of lien in this case, which are attached as exhibits to the plaintiff's complaint, were filed on Form 668, so that they conform to § 6323(f)(3). In addition, they were signed by facsimile signature of Revenue Officer R.A. Mitchell. Consequently, the notices of lien are properly certified pursuant to federal tax law, and there is no defect in the notices because they were signed by facsimile signature. *See Krueger v. Kennedy*, 1998 WL 641985 at *2 (W.D. Mich. 1998) (notice of federal tax lien signed by facsimile signature proper under federal tax law). Therefore, plaintiff does not state a claim upon which relief may be granted and the court must dismiss his complaint.

Lastly, if the court were to construe Gengler's complaint as a request to enjoin the collection of the plaintiff's federal tax liabilities, the Anti-Injunction Act bars his

requested injunctive relief. Section 7421(a) of the Internal Revenue Code prohibits, with some exceptions not relevant here, suits by any person in any court for the purpose of "restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a).[6]

Accordingly,

**IT IS SO ORDERED** that plaintiff's motion to remand to state court (Docket #4) be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that the United States' motion to dismiss (Docket #8), on behalf of the named defendants, be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that the Internal Revenue Service's motion for extension of time to answer or respond to complaint (Docket #2) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to respond to motion to dismiss (Docket #10) be and the same is hereby **DENIED** as moot**;**

**IT IS FURTHER ORDERED** that plaintiff's motion to strike defendant's reply to plaintiff's objection to motion to dismiss (Docket #14) be and the same is hereby **DENIED** as moot;

---

[6]The court also notes that plaintiff's complaint is such that it may warrant a finding of frivolousness, which provides an independent basis for dismissal of this case. *Harrell v. United States*, 13 F.3d 232, 235-236 (7th Cir. 1993) (citing *Ricketts v. Midwest National Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989)). Because there are numerous and other adequate grounds for dismissal, however, the court will refrain from such a finding.

-11-

**IT IS FURTHER ORDERED** that plaintiff's motion to take judicial notice of law in the federal statutes of subtitle A (Docket #15) be and the same is hereby **DENIED** as moot; and

**IT IS FURTHER ORDERED** that plaintiff's complaint be and the same is hereby **DISMISSED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge